**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kelvin Douglas Godinez-Juarez, | No. CV-25-04409-PHX-KML (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| Kristi Noem, et al., | |
| Respondents. | |

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1.) In a December 3, 2025 order ("the OSC"), the court ordered respondents to show cause why the petition should not be granted. (Doc. 5.) The OSC is fully briefed. (Docs. 8, 9.) The petition is granted and respondents must release petitioner or provide him a bond hearing.

Petitioner was born in Guatemala but has lived in the United States for approximately eighteen years. (Doc. 1 at 2, 4.) He applied for a U-visa in December 2023 and received a bona fide determination and employment authorization from U.S. Citizenship and Immigration Services on May 14, 2025. (Doc. 1-1 at 51–52.) Yet Petitioner was arrested by federal agents on September 10, 2025. (Doc. 1-1 at 41.) Petitioner has not been provided a bond hearing and he believes "filing a motion for bond redetermination would be futile" because of *Matter of Yajure Hurtado*, 29 I&N 216 (B.I.A. 2025). (Doc. 2 at 4.) Respondents state they are aware of prior decisions by this court and others rejecting their position that individuals such as petitioner should be deemed "arriving aliens" not

1  entitled to bond hearings. (Doc. 8 at 11.) Respondents, however, "respectfully maintain
2  that Petitioner falls within the definition of an 'arriving alien' warranting mandatory
3  detention as the removal process unfolds." (Doc. 8 at 11.)

4        The court recently considered and rejected respondents' arguments on this point in
5  a similar case. *Zepeda v. Noem*, CV-25-4236-PHX-KML (D. Ariz. Dec. 11, 2025). On the
6  same day this court issued *Zepeda*, the Seventh Circuit concluded the Department of
7  Homeland Security and the U.S. Immigration and Customs Enforcement were "not likely
8  to succeed on the merits of their argument" regarding "mandatory detention under
9  § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL
10 3552514, at *9 (7th Cir. Dec. 11, 2025). And on December 18, 2025, the Central District
11 of California entered judgment in a class action that respondents concede covers petitioner
12 (Doc. 8 at 15) declaring "the Bond Eligible Class members are detained under 8 U.S.C.
13 § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and vacating
14 "the Department of Homeland Security policy described in the July 8, 2025, 'Interim
15 Guidance Regarding Detention Authority for Applicants for Admission' under the
16 Administrative Procedure Act as not in accordance with law. 5 U.S.C. § 706(2)(A)."
17 *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, Doc. 94 (C.D. Cal. Dec. 18, 2025).

18       Based on these events and respondents' failure to point to any argument this court
19 and others have overlooked, petitioner is entitled to relief. The petition is granted, and
20 petitioner must be released immediately or provided a bond hearing within ten days without
21 regard to *Matter of Yajure Hurtado*.
22 /
23 /
24 /
25 /
26 /
27 /
28 /

**IT IS ORDERED**:

1. Petitioner's petition for writ of habeas corpus (Doc. 1) is **granted**.
2. Within ten days of this order respondents must either release petitioner or provide a bond hearing without regard to *Matter of Yajure Hurtado*.
3. Respondents must provide a notice of compliance within five days.
4. The clerk of court shall enter judgment in petitioner's favor and close this case.

Dated this 23rd day of December, 2025.

*[signature]*

**Honorable Krissa M. Lanham**
**United States District Judge**